# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG YIL JO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:06-CV-01639-AWI-WMW-P<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM, FRIVOLOUSNESS, AND MALICIOUSNESS<br><br>(Doc. 1)<br><br>ORDER THAT DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

　　　　Plaintiff Young Yil Jo ("plaintiff") is a federal prisoner proceeding pro se. On November 15, 2006, plaintiff filed what purports to be a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

　　　　A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg.

Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

The test for maliciousness is a subjective one and requires the Court to "determine the . . . good faith of the applicant." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith most commonly is found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981); Ballentine v. Crawford, 563 F.Supp. 627, 628-29 (N.D. Ind. 1983); cf. Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of the judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. See Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

To date, plaintiff has filed sixty-seven civil actions in the Eastern District of California.[1] Not a single action is proceeding forward on valid, cognizable claims. All but four actions have been transferred or dismissed. Of the four actions still pending, three, including this one, were filed within the past month. The fourth action is awaiting dismissal for failure to obey a court order.

---

[1] The Court takes judicial notice of its docket reflecting all actions filed by Young Yil Jo.

Plaintiff's complaint in this action is much like the majority of his other complaints, as it sets forth only rambling, nonsensical, and disjointed words and sentences.  For example, plaintiff's statement of claim is one long run-on sentence that reads, in part, "No total date in custody more than one year, no federal civil action by a prisoner confined in a jail, prison, for mental, emotional injury suffered while in custody, the writ of habeas corpus, the writ of mandamus order immediately release from prison, the writ of stay all cases decision, transfer, rehearing, the writ of certiorari for a justice of the Supreme Court of the United States, privileges, immunity, pardon, discharge, no entrapment . . . ." (Doc. 1, pg. 1.)  These phrases as set forth by plaintiff are utterly meaningless.  Plaintiff is harassing the Court by filing frivolous, malicious actions, and is abusing the judicial process.  There are no claims stated in the complaint and there is no jurisdictional basis set forth in the complaint. Further, the complaints in the following seven cases numbers are virtually indistinguishable: 1:06-CV-00751-AWI-LJO-P, 1:06-CV-00887-OWW-LJO-P, 1:06-CV-01266-OWW-DLB-P, 1:06-CV-01349-OWW-LJO-P, 1:06-CV-01529-OWW-LJO-P, 1:06-CV-01639-AWI-WMW-P, and this case, 1:06-CV-01714-OWW-LJO-P.  There can be no good faith basis for filing identical, nonsensical complaints over the past six months.

Pursuant to 28 U.S.C. § 1915A, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim, frivolousness, and maliciousness, and this dismissal SHALL count as a strike against plaintiff under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   December 13, 2006**            **/s/ Anthony W. Ishii**
0m8i78                                   UNITED STATES DISTRICT JUDGE

3